**DAVIS, Federal Agent, v. ANDERSON.**
**(No. 935.)**

(Court of Civil Appeals of Texas. Beaumont. March 30, 1923.)

**Appeal and error ⬤⇒930(3)—Finding warranted by evidence, if necessary, should be presumed.**

In an action against a railroad for damages for the killing of cattle, where the issue whether an attempt was made to stop the train was not submitted to the jury, but where the evidence warranted an affirmative finding thereon, if necessary, such finding by the trial court should be presumed.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Action by T. A. Anderson against James C. Davis, Federal Agent. From judgment for plaintiff, defendant appeals. Affirmed.

Dabney, King, King & Woodul, of Houston, for appellant.

W. P. Neblett, of Houston, for appellee.

HIGHTOWER, C. J. Appellee brought this suit in the county court at law No. 2 of Harris county against appellant to recover the value of four cows alleged to have been negligently killed by being struck by a rail-

road engine operated on the track of the International & Great Northern Railway Company at a public road crossing on or about June 10, 1919. The grounds of negligence were:

(a) That the train was running at a high and excessive rate of speed;

(b) That the statutory signals for the crossing were not given;

(c) Failure to stop or check the speed of the train after danger of striking the cattle was known;

(d) Defective condition of the crossing.

Appellant answered by general demurrer and general denial, and special plea to the effect that the killing of the cattle was a pure accident.

The case was tried with a jury, the verdict consisting of answers to special issues, all of which were determined in appellee's favor. The jury found: (1) That the whistle was not blown for the crossing, as required by the statute, and that the failure to blow the whistle was a proximate cause of the death of appellee's cows; (2) that the engine bell was not rung, as required by the statute, and that such failure was a proximate cause of the death of the cows; (3) that the public crossing at which the cows were killed was not such as the statute required of appellant, and that appellant's failure in this respect was a proximate cause of the death of the cows. The jury also found against the plea of accident, and found the value of the cows. The court rendered judgment in favor of appellee for $401.50, with legal interest, from which this appeal is prosecuted.

Appellant, by proper assignments of error, makes attack upon the jury's verdict as a whole, upon the ground that each finding by the jury is unsupported by the evidence, and is against the great weight and preponderance of the evidence to such extent as to be clearly wrong.

Appellant may be correct in his contention that the evidence was insufficient to show that the whistle was not blown for the crossing, as required by the statute, and this we shall not determine; but the evidence was clearly sufficient to warrant the finding that the engine bell was not rung, as required by the statute, and that this failure was a proximate cause of the death of the cattle. And the evidence was also sufficient to warrant the finding that the crossing at which the cattle were killed was not such as required by the statute, and that this was a proximate cause of the death of the cattle. The evidence also shows without dispute that no attempt was made to stop or check the speed of the train after those in charge of the engine discovered the cattle on or near the track. True, the engineer testified that it would have availed nothing had he tried to stop the train or check its speed, but there

was evidence to the contrary of his opinion in that respect; and the evidence would warrant the conclusion that striking the cattle could have been prevented in the exercise of ordinary care if the speed of the train had been checked when the presence of the cattle at and near the crossing was first discovered. Though the jury was not requested to find whether by checking the speed of the train after discovery of the cattle contact with them could have been prevented, or whether the failure in this respect by the engineer was negligence, still the evidence would have warranted an affirmative finding as to both such questions, and therefore, if necessary, such finding by the trial court should be presumed and resolved in favor of the judgment.

If correct in what we have said, enough is shown to affirm the judgment, irrespective of any other contention made by appellant, and all assignments are overruled, and the judgment is affirmed.